# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GUY D. DALEY, STARLYNN DALEY,
DANA HEAL, SHARON HEAL, ROBERT
NIELSEN, and DEBRA NIELSEN,

        Plaintiffs,

and

MEDICARE, WISCONSIN PIPE TRADES
HEALTH FUND, UNITED HEALTH CARE
CONTINENTAL, and WEA TRUST,

        Involuntary Plaintiffs,

v.

PORTLAND ORTHOPAEDICS LIMITED,
PORTLAND ORTHOPAEDICS INC.,
SYMMETRY MEDICAL INC., MIPRO
ORTHO PTE LTD, METALICITY LIMITED,
PLUS ORTHOPAEDICS INC., PLUS
ORTHOPAEDIC HOLDING AG, SMITH &
NEPHEW INC., SMITH & NEPHEW PLC,
ORCHID ORTHOPEDIC SOLUTIONS LLC,
MAXX HEALTH INC., MAXX
ORTHOPEDICS INC., MIPRO US INC.,
PLUS ORTHOPAEDICS LLC, and JOHN
DOE CORPORATIONS 1-50,

        Defendants.

Case No. 17-CV-1315-JPS

ORDER

Two matters are pending before the Court. First, on February 22, 2018, Plaintiffs and Defendant Orchid Orthopedic Solutions, LLC ("Orchid") filed a joint stipulation of dismissal of the claims against

Orchid without prejudice. (Docket #32). The Court will adopt that stipulation. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).

Second, Plaintiffs have filed an unopposed motion for leave to file their first amended complaint. (Docket #33). They report that the amended complaint achieves several goals. First, it will clarify information about Defendants Plus Orthopaedics Inc. and Plus Orthopaedics, LLC. Second, it will remove Plaintiff Debra Nielsen as a party. Third, it will join a new defendant, DiSanto Technology, Inc., whose identity was only recently discovered. *Id.* at 2. In light of the parties' agreement on the matter of amendment and the early stage of the case, the Court will grant leave to file the first amended complaint. *See* Fed. R. Civ. P. 15(a)(2). However, the Court will direct Plaintiffs to re-file their amended complaint—this time without an accompanying motion for leave to do so—because the amended complaint they attached to their motion bears the wrong date. *See* (Docket #33-1 at 34).[1] With that minor correction, the amended complaint will be accepted.

Finally, Plaintiffs are reminded, as they were at the scheduling conference last month, that the status of many of the defendants in the case remains unclear. Some defendants have not been served—or, at least, proof of service has not been filed with the Court. For domestic defendants, including Portland Orthopaedics Inc. and Symmetry Medical Inc., the time for service expired nearly two months ago, and Plaintiffs never requested or were granted an extension of time to effect service. *See* Fed. R. Civ. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th

---

[1] The document bears the date of filing of the original complaint, September 26, 2017, but should be dated February 22, 2018, the date the motion for leave was filed. Of course, relation back under Rule 15(c) will not be affected by the date on the document, *see* Fed. R. Civ. P. 15(c), but filings with the Court should usually reflect the date of their filing.

Cir. 2011). Moreover, filing an amended complaint does not restart the service clock except as to the new defendant, DiSanto Technology, Inc. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006); *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987); 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed. 2017). Of course, the time limit in Rule 4(m) by its terms does not apply to service on foreign corporations, Fed. R. Civ. P. 4(m), which in this action include Portland Orthopaedics Limited, Mipro Ortho PTE LTD, and Metalicity Limited. Finally, the following defendants have been served but have not appeared through counsel: Plus Orthopaedic Holding AG, Plus Orthopaedics LLC, and Smith & Nephew PLC.

This series of procedural shortcomings requires tidying up. Toward that end, Plaintiffs must complete several tasks by **March 15, 2018**. For the unserved domestic defendants, Plaintiffs must file proofs of service showing that service occurred within the original service period. If they do not, the Court will dismiss them without further notice. *See* Fed. R. Civ. P. 4(m) (once the service period has expired, the district court must dismiss unserved defendants unless an extension of time is granted). For the unserved foreign defendants, Plaintiffs must file a notice describing their efforts at service to date and the expected time frame for service to be perfected.[2] Finally, for the defendants that have been served but have not appeared, Plaintiffs must file appropriate affidavits for entry of default

---

[2]The large number of defendants in this case stems primarily from the bankruptcy of the manufacturer and distributor of Plaintiffs' hip implants, Defendants Portland Orthopaedics Limited and Portland Orthopaedics Inc. (Docket #33-1 ¶¶ 62–63). It is not clear whether these companies still exist and, if not, whether they are properly named as defendants. This issue should also be addressed, if necessary, in Plaintiffs' notice.

under Rule 55 for each such defendant or suffer that they too will be dismissed without prejudice. *See* Fed. R. Civ. P. 55(a).[3]

Accordingly,

**IT IS ORDERED** that the parties' stipulation of dismissal as to Defendant Orchid Orthopedic Solutions, LLC (Docket #32) be and the same is hereby **ADOPTED**; all of Plaintiffs' claims against Orchid Orthopedic Solutions, LLC be and the same are hereby **DISMISSED without prejudice**, each party to bear its own costs, and Orchid Orthopedic Solutions, LLC be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion to file their first amended complaint (Docket #33) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs shall re-file a corrected version of their first amended complaint (Docket #33-1) as directed above no later than **March 15, 2018**; and

**IT IS FURTHER ORDERED** that Plaintiffs shall, no later than **March 15, 2018**, file proofs of service as to the unserved domestic defendants, file a notice regarding service as to the unserved foreign defendants, and affidavits for entry of default as to the defendants who have been served but have not appeared, all as directed above.

---

[3]Some of the entities that have been served but for which no appearance has been entered have related entities that are represented by counsel in this case. If all that is required is an entry by existing counsel on behalf of such an entity, then so be it.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2018.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge